UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NANCY WEINGARTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  05-1031 (HHK) |
| | ) | |
| PETE GEREN, Acting Secretary of the Air Force,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Defendant Pete Geren (formerly Michael L. Dominguez), Acting Secretary of the Air

Force, in his official capacity, through the undersigned counsel, respectfully moves to dismiss

this case pursuant to Rule 12(b)(6), or in the alternative, for summary judgment under Rule 56.

Plaintiff's claims under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq. (APA), and 10

U.S.C. §§ 628 and 1552 fail to state a claim upon which relief can be granted.  Alternatively,

there are no genuine issues in dispute and Defendant is entitled to judgment as a matter of law.

In support of these motions, Defendant submits the accompanying Memorandum of Points and

Authorities, Statement of Material Facts Not In Genuine Dispute, and the Administrative Record

of the Air Force Board for Correction of Military Records.  A proposed order consistent with the

relief requested herein is also attached.

---

[1]  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Pete Geren, Acting
Secretary of the Air Force should be automatically substituted as the defendant in this action in
place of his predecessor in office, Michael Dominguez.

August 26, 2005                    Respectfully submitted,


/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NANCY WEINGARTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  05-1031 (HHK) |
| | ) | |
| PETE GEREN, Acting Secretary of the Air Force,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE ISSUE**

Pursuant to LCvR 7.1(h), Defendant Pete Geren, Acting Secretary of the Air Force, respectfully submits this statement of material facts as to which there is no genuine dispute.

1.      Plaintiff Nancy Weingartner is currently serving on active duty in the United Air Force at the grade of major.  A.R. at 9.

2.      Plaintiff was considered and not selected for promotion to the grade of lieutenant colonel by Calendar Years 1999B, 2000A, 2001B, and 2002B lieutenant colonel selection boards.  Id.

3.      Plaintiff served as the Element Chief of Family Advocacy, 86th Medical Group at Ramstein Air Base, Germany, from July 28, 1998 until her removal on April 7, 1999.  Compl. ¶ 8; A.R. at 9.  When removed from her position as Element Chief of Family Advocacy, she was reassigned as Special Assistant to the 86th Support Group commander.  A.R. at 9-10.

4.      On May 5, 1999 and September 25, 2000, Plaintiff filed complaints with the Third

---

[1]  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Pete Geren, Acting Secretary of the Air Force should be automatically substituted as the defendant in this action in place of his predecessor in office, Michael Dominguez.

Air Force Inspector General ("IG") at Ramstein Air Base, Germany.  A.R. at 10; see also Compl. ¶¶ 9-11.  Plaintiff alleged mismanagement in the forms of reprisal, perceived favoritism, gender discrimination, inappropriate relationships, and subversive behaviors by people within her element.  See A.R. at 10, 56, 222; see also Compl. ¶¶ 9-11.

5.      The Headquarters Third Air Force Inspector General Investigations Division conducted an investigation and found that although the Air Force improperly provided Plaintiff with performance feedback on April 8, 1999, by allowing a third party to be present, the rest of Plaintiff's allegations were unsubstantiated.  A.R. at 223.  On October 20, 2000, the Department of Defense ("DoD") IG concurred with the report of investigation, making its final determination that the only substantiated allegation was that of delayed and improper feedback.  A.R. at 10, 217, 236-37.  The IG found that responsible management officials did not reprise against Plaintiff, and no instances of improper relationships or gender discrimination were discovered. A.R. at 217, 236-37.

6.      On June 11, 2003, having been reassigned from Germany to the United States, Plaintiff filed an application with the AFBCMR requesting (1) that her Officer Performance Report ("OPR") for the period 3 July 1998 to 2 July 1999 be amended in Section VI to include a promotion or "stratification" statement and in Section VII by deleting the comments "ISS in residence is a must";[2] (2) that the Promotion Recommendation Form ("PRF") prepared for the Calendar Year 1999B selection board be revised to include a "Definitely Promote"

---

[2]  Intermediate Service School (ISS) is one of three professional military education courses required of officers during their career.  Squadron Officer School (SOS) is for lieutenants and junior captains, while ISS, is for senior Captains and Majors.   Senior Service School (SSS) is appropriate for Lieutenant Colonels and Colonels.

recommendation; (3) that the Officer Selection Board ("OSB") prepared for the Calendar Year

1999B selection board be corrected to delete the duty title "Sembach Community Services

Coordinator" effective 2 Nov 1998; and (4) that she be granted a direct promotion to the grade of

lieutenant colonel ("Lt Col"), or in the alternative, that all non-selections be removed and she be

considered for promotion to the grade of lieutenant colonel by a Special Selection Board

("SSB"). Compl. ¶¶ 15-16; A.R. at 3. In addition, Plaintiff requested that the SSB be given a

memorandum indicating that because of a previous career injury, the AFBCMR should deem

Plaintiff to have received a "Definitely Promote" on her PRF. Id.

7. The AFBCMR reviewed Plaintiff's submissions and military records, and on

October 22, 2004, denied Plaintiff's application. See A.R. at 2-19, 264-67, 278-80. The

AFBCMR determined that Plaintiff failed to present evidence demonstrating "the existence of

probable material error or injustice." See, e.g., A.R. at 2. In making such determination, the

AFBCMR adopted the rationale of solicited Air Force advisory opinions, stating that ". . .in

absence of evidence to the contrary, we agree with the recommendations of the OPRs and adopt

their rationale as the basis for our decision that the applicant has failed to sustain her burden of

establishing that she suffered either an error or an injustice."[3] A.R. at 18.

8. The AFBCMR noted that during the period of the contested July OPR, promotion

recommendation statements were not allowed to be included in OPRs. A.R. at 18. It also found

that the recommendation for ISS at the time the report was written was appropriate and that the

inclusion of a stratification statement was optional. Id. The AFBCMR went on to note that

---

[3] For full text of the Advisory opinions, see A.R. 264-267, 278-280.

Plaintiff failed to present any credible evidence from her senior rating chain or other agencies to support her contention of an error or injustice. The AFBCMR noted that Plaintiff failed to submit any evidence from her rating chain or Management Level Review ("MLR"), which would lead the AFBCMR to believe that her contested PRF, as written, was an inaccurate depiction of Plaintiff's potential to serve in the next higher grade. Id.

9.    The AFBCMR found an error in the duty title on Plaintiff's Officer Selection Board ("OSB") report of personal information, but found that because "it is highly unlikely this error was cause for her nonselection," such error was harmless. A.R. at 18.

10.    On May 20, 2005, Plaintiff filed this civil action, requesting that this Court set aside the AFBCMR's denial of Plaintiff's application. Compl. at 9.

August 26, 2005                    Respectfully submitted,

                                   /s/
                                   _____
                                   KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                   United States Attorney

                                   /s/
                                   _____
                                   R. CRAIG LAWRENCE, D.C. BAR # 171538
                                   Assistant United States Attorney

                                   /s/
                                   _____
                                   MEGAN L. ROSE, N.C. Bar # 28639
                                   Assistant United States Attorney
                                   555 4th Street, N.W. - Civil Division
                                   Washington, D.C.  20530
                                   (202) 514-7220

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NANCY WEINGARTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  05-1031 (HHK) |
| | ) | |
| PETE GEREN, Acting Secretary of the Air Force,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Defendant Pete Geren (formerly Michael L. Dominguez), Acting Secretary of the Air

Force, in his official capacity, through the undersigned counsel, respectfully moves to dismiss

this case pursuant to Rule 12(b)(6), or in the alternative, for summary judgment under Rule 56.

Plaintiff Nancy Weingartner brings the above-captioned action, requesting that this Court

review a decision of the Air Force Board for Correction of Military Records ("AFBCMR")

pursuant to the Administrative Procedure Act (APA) and 10 U.S.C. §§ 628 and 1552.  For the

reasons set forth below, this suit should be dismissed for failure to state a claim upon which

relief can be granted.  In the alternative, summary judgment should be granted for Defendant

because there are no genuine issues in dispute and Defendant is entitled to judgment as a matter

of law.

---

[1]  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Pete Geren, Acting
Secretary of the Air Force should be automatically substituted as the defendant in this action in
place of his predecessor in office, Michael Dominguez.

## BACKGROUND

Plaintiff Nancy Weingartner is currently serving on active duty in the United Air Force at the grade of major.  A.R. at 9.  Plaintiff was considered and not selected for promotion to the grade of lieutenant colonel by Calendar Years 1999B, 2000A, 2001B, and 2002B lieutenant colonel selection boards.  Id.

During the period in question in this case, Plaintiff served as the Element Chief of Family Advocacy, 86th Medical Group at Ramstein Air Base, Germany, from July 28, 1998 until her removal on April 7, 1999.  Compl. ¶ 8; A.R. at 9.  When removed from her position as Element Chief of Family Advocacy, she was reassigned as Special Assistant to the 86th Support Group commander.  A.R. at 9-10.

On May 5, 1999 and September 25, 2000, Plaintiff filed complaints with the Third Air Force Inspector General ("IG") at Ramstein Air Base, Germany.  A.R. at 10; see also Compl. ¶¶ 9-11.  Plaintiff alleged mismanagement in the forms of reprisal, perceived favoritism, gender discrimination, inappropriate relationships, and subversive behaviors by people within her element.  See A.R. at 10, 56, 222; see also Compl. ¶¶ 9-11.  The Headquarters Third Air Force Inspector General Investigations Division conducted an investigation and found that although the Air Force improperly provided Plaintiff with performance feedback on April 8, 1999, by allowing a third party to be present, the rest of Plaintiff's allegations were unsubstantiated.  A.R. at 223.  On October 20, 2000, the Department of Defense ("DoD") IG concurred with the report of investigation, making its final determination that the only substantiated allegation was that of delayed and improper feedback.  A.R. at 10, 217, 236-37.   The IG found that responsible management officials did not reprise against Plaintiff, and no instances of improper relationships

2

or gender discrimination were discovered.  A.R. at 217, 236-37.

On June 11, 2003, having been reassigned from Germany to the United States, Plaintiff filed an application with the AFBCMR requesting (1) that her Officer Performance Report ("OPR") for the period 3 July 1998 to 2 July 1999 be amended in Section VI to include a promotion or "stratification" statement and in Section VII by deleting the comments "ISS in residence is a must";[2] (2) that the Promotion Recommendation Form ("PRF") prepared for the Calendar Year 1999B selection board be revised to include a "Definitely Promote" recommendation; (3) that the Officer Selection Brief ("OSB") prepared for the Calendar Year 1999B selection board be corrected to delete the duty title "Sembach Community Services Coordinator" effective 2 Nov 1998; and (4) that she be granted a direct promotion to the grade of lieutenant colonel ("Lt Col"), or in the alternative, that all non-selections be removed and she be considered for promotion to the grade of lieutenant colonel by a Special Selection Board ("SSB").  Compl. ¶¶ 15-16; A.R. at 3.  In addition, Plaintiff requested that the SSB be given a memorandum indicating that because of a previous career injury, the AFBCMR should deem Plaintiff to have received a "Definitely Promote" on her PRF.  Id.

The AFBCMR thoroughly reviewed Plaintiff's submissions and military records, and on October 22, 2004, denied Plaintiff's application.  See A.R. at 2-19, 264-67, 278-80.  The AFBCMR determined that Plaintiff failed to present evidence demonstrating "the existence of probable material error or injustice."  See, e.g., A.R. at 2.  In making such determination, the

---

[2]  Intermediate Service School (ISS) is one of three professional military education courses required of officers during their career.  Squadron Officer School (SOS) is for lieutenants and junior captains, while ISS, is for senior Captains and Majors.   Senior Service School (SSS) is appropriate for Lieutenant Colonels and Colonels.

AFBCMR adopted the rationale of solicited Air Force advisory opinions, stating that ". . .in absence of evidence to the contrary, we agree with the recommendations of the OPRs and adopt their rationale as the basis for our decision that the applicant has failed to sustain her burden of establishing that she suffered either an error or an injustice."[3]  A.R. at 18.

The AFBCMR noted that during the period of the contested July OPR, promotion recommendation statements were not allowed to be included in OPRs.  A.R. at 18.  It also found that the recommendation for ISS at the time the report was written was appropriate and that the inclusion of a stratification statement was optional.  Id.  The AFBCMR went on to note that Plaintiff failed to present any credible evidence from her senior rating chain or other agencies to support her contention of an error or injustice.  Plaintiff also failed to submit any evidence from her rating chain or Management Level Review ("MLR"), which would lead the AFBCMR to believe that her contested PRF, as written, was an inaccurate depiction of Plaintiff's potential to serve in the next higher grade.  Id.

The AFBCMR did find an error in the duty title on Plaintiff's Officer Selection Brief ("OSB") report of personal information, but found that because "it is highly unlikely this error was cause for her nonselection," such error was harmless.  A.R. at 18.

On May 20, 2005, Plaintiff filed this civil action, requesting that this Court set aside the AFBCMR's denial of Plaintiff's application.  Compl. at 9.

---

[3]  For full text of the Advisory opinions, see A.R. 264-267, 278-280.

4

# STANDARD OF REVIEW

## I.    Motion to Dismiss (Fed.R.Civ.P. 12(b)(6))

A motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II.    Summary Judgment (Fed.R.Civ.P. 56)

Under Rule 56, summary judgment is required when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).   A genuine issue of material fact is one that would change the outcome of the litigation.  See Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 243 (1986).  While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), summary judgment should be granted if the moving party submits "affirmative evidence that negates an essential element of the nonmoving party's claim" or demonstrates "that the nonmoving party's evidence is insufficient to establish

an essential element of the nonmoving party's claim." <u>Celotex</u>, 477 U.S at 331.[4]  The

nonmoving party has the burden of establishing more than the "mere existence of a scintilla of

evidence" demonstrating a genuine issue in dispute for purposes of defeating the moving party's

motion.  <u>See</u> <u>Lester v. Natsios</u>, 290 F.Supp.2d 11, 19-20 (D.D.C. 2003), <u>citing</u> <u>Anderson v.</u>

<u>Liberty Lobby, Inc.</u>, 477 U.S. at 255.  "[M]atters of law rather than of fact" may be presented for

summary judgment.  <u>Douglas v. First Nat'l Realty Corp.</u>, 437 F.2d 666, 669 (D.C. Cir. 1970).

## ARGUMENT

I.    **The Decision Of The AFBCMR Should Be Given A Great Deal Of Judicial
      Deference.**

The APA, the gravamen of Plaintiff's Complaint, allows judicial review for those

adversely affected by agency action except to the extent that "(1) statutes preclude judicial

review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

Section 702 states that, "[a] person suffering legal wrong because of agency action, or adversely

affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to

judicial review thereof."  5 U.S.C. § 702 (2005).  Section 706 (2) adds that the reviewing court

should set aside and hold unlawful, any agency action or conclusion which is found to be

arbitrary, capricious, contrary to law, or not supported by substantial evidence.  5 U.S.C. § 706

(2) (2005).

---

[4]  "In the language of the Rule, the nonmoving party must come forward with 'specific facts
showing that there is a genuine issue for trial.'"  <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed.Rule
Civ.Proc. 56(e)).  Therefore, even if Plaintiff's claim were not dismissed under Rule 12(b)(6),
Plaintiff's failure to meet the Rule 56 standard of review by not providing any factual evidence
sufficient to prove the elements of his claim will justify summary judgment as a matter of law.

More specifically, under 10 U.S.C. § 628 (g)(1)(A), "a court of the United States may review a determination by the Secretary of a military department...not to convene a special selection board in the case of any person.  In any such case, the court may set aside the Secretary's determination only if the court finds the determination to be (i) arbitrary or capricious; (ii) not based on substantial evidence; (iii) a result of material error or fact or material administrative error; or (iv) otherwise contrary to law."  10 U.S.C. § 628 (g)(1)(A); see also Wronke v. Marsh, 787 F.2d 1569 (Fed. Cir.)(decisions of the AFBCMR should be upheld by federal courts unless they are arbitrary, capricious, contrary to the law, unsupported by substantial evidence, or an abuse of discretion), cert. denied, 479 U.S. 853 (1986); Hodges v. Calloway, 499 F.2d 417 (5th Cir. 1974); Horn v. Schlesinger, 514 F.2d 459 (8th Cir. 1975); Storey v. U.S., 531 F.2d 985, 209 Ct. Cl. (1976); Dorl v. U.S., 200 Ct. Cl. 626, cert. denied, 414 U.S. 1032 (1973).  Even if the court disagrees with the AFBCMR's decision, the decision may not be overturned unless it fails to meet this standard.  See Storey, 531 F.2d at 987.

This Circuit has stated that APA review of the AFBCMR's decisions are subject to "an unusually deferential application of the 'arbitrary and capricious' standard."  Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1514 (D.C. Cir.1989).  This high degree of deference stems from the statutory language authorizing the Secretary to correct military records "when the Secretary considers it necessary to correct an error or remove an injustice."  10 U.S.C. S 1552(a)(1).  The plaintiff bears the heavy burden of showing by "cogent and clearly convincing evidence that the military decision was the product of a material legal error or injustice."  McDougall v. Widnall, 20 F. Supp. 2d 78, 82 (D.D.C. 1998) (citing Wronke v. Marsh, 787 F.2d 1569, 1576 (Fed. Cir.), cert. denied, 479 U.S. 852 (1986); Walker v. Shannon, 848 F. Supp. 250 (D.C. Cir. 1994): Dorl v. United States, 200 Ct. Cl.

7

626, 633 (1973)).  In order for the plaintiff to meet this high burden, the Court must also "overcome the presumption that military administrators discharge their duties correctly, lawfully, and in good faith," because there is a "strong presumption that the personnel involved in the decision making process have faithfully discharged their duties."  Smith v. Dalton, 927 F. Supp. 1, 4-5 (D.D.C. 1996); see also Mozur v. Orr, Secretary of the Air Force, 600 F. Supp. 772, 781 (E.D. Pa. 1985).

Furthermore, this Court must review the decision of the AFBCMR solely through an examination of the administrative record, rather than a *de novo* review.  McDougall, 20 F. Supp. 2d at 82; see also Florida Power & Light v. Lorion, 470 U.S. 729 (1985); Camp v. Pitts, 411 U.S. 138, 142 (1973).  This standard requires the Court to grant great deference to the decision of the AFBCMR. McDougall, 20 F. Supp. 2d at 82;  see also Zavislack v. United States, 29 Fed. Cl. 525, 531 (1993). Thus, if the AFBCMR record contains such evidence that a reasonable mind might accept as adequate to support a conclusion, this Court must accept the AFBCMR's findings.  Dalton, 927 F. Supp. at 5. In other words, if the Court determines that the AFBCMR had substantial evidence to reach the conclusion it did, "it must hold, based upon its limited scope of review," that the decision was not arbitrary or capricious.  See, e.g., Selman v. United States, 723 F.2d 877, 881 (Fed. Cir. 1983).  The Court's inquiry must focus not on whether the AFBCMR was correct in its decision, but rather on whether the AFBCMR's explanation for its decision demonstrates that it permissibly exercised its discretion and made a choice that is supported by at least substantial evidence.  See Homer v. Roche, 226 F. Supp. 2d 222, 226 (D.D.C. 2002).

**II.      The AFBCMR's Decision Based On The Record In This Case Was Not Arbitrary, Capricious, Or Otherwise Contrary To Law, And The Court Should Grant Summary Judgment For Defendant.**

The AFBCMR concluded that Plaintiff provided insufficient evidence to demonstrate the existence of an error or injustice in her failure to be promoted. A.R. at 18. In coming to this conclusion, the AFBCMR had substantial evidence to support its decision, and considered the following evidence before making its decision: (1) DD Form 149, dated 1 Jul 03, with attachments [AR 19, 20A-263]; (2) Applicant's Master Personnel Records;[5] (3) HQ/USAFE/IG Report, dated 5 May 99 [AR at 218-37]; (4) Letter, AFPC/DPPPAE, dated November 21, 2000 [AR at 238]; (5) Letter, AFPC/DPPPO, dated October 16, 2003, with attachments [AR at 266-71]; (6) Letter, SAF/MRBR, dated October 24, 2003 [AR at 272]; (7) Counsel's response, dated December 2, 2003 [AR at 273-79] with attachments; (7) Letter AFPC/DPPPEP, dated April 30 2004 [AR at 278-79] ; (8) Letter, AFPC/DPPPO, dated May 21, 2004 [AR at 280]; (9) Letter, SAF/MRBR, dated July 1, 2004. [AR at 281]; and (10) Counsel's response, dated July 13, 2003, with attachments [AR at 282-99].

After reviewing all of the evidence, the AFBCMR concluded that Plaintiff provided insufficient evidence to demonstrate an error or injustice in the following requests:

**A.      Plaintiff's First Request**

Plaintiff requested that the AFBCMR amend her Officer Performance Report ("OPR"), by including a promotion or "stratification" statement in her OPR and deleting the comment, "ISS in residence is a must." A.R. at 3. First, the AFBCMR's decision clearly stated that during the period of the contested July 1999 OPR, promotion recommendation statements were prohibited

---

[5]  Such records are not attached, but are available upon the Court's request.

by Air Force Instruction ("AFI") from inclusion in OPRs.  A.R. at 18.  The AFBCMR relied on

the Air Force opinion by AFPC/DPPPE, which clarified that AFI 36-2402 ¶ 1.4.1 prohibits

promotion recommendations on OPRs.  See, e.g., A.R. at 10, 264.  Following this policy, the

rater acted appropriately by not including a promotion recommendation on the OPR.  Id.  Thus,

because courts should be "scrupulous not to intervene" unless clear error is shown, and no error

exists here, the decision of the AFBCMR should be upheld.  See, e.g., Orloff v. Willoughby, 345

U.S. 83, 94 (1953); Wronke v. Marsh, 787 F.2d at 1576-77; Hoffman v. United States, 16 Cl. Ct.

406, 411 (1989).

        Second, the AFBCMR properly found that stratification statements by the rater "are not

mandatory in performance reports."  A.R. at 10.  Rather, it is the rater's decision alone based on

his or her assessment of the officer, and the rater may or may not choose to include a promotion

or stratification statement in the performance report.  A.R. at 10, 18.  The process of evaluating

military officers by other officers is an inherently subjective process which neither military

boards nor federal courts should interfere with unless there is clear and convincing evidence of

factors adversely affecting the ratings.  Hoffman, 16 Cl. Ct. at 411-12.  In this case, Plaintiff

failed to provide such convincing evidence, and the AFBCMR's decision was proper.

        Third, a recommendation for "ISS in residence" was also an appropriate and optional

recommendation in Plaintiff's OPR.  See A.R. at 10.  In fact, the AFBCMR noted that

appropriate additional recommendations such as this one actually make the individual's OPR

stronger.  A.R. at 14.  Thus, again, Plaintiff failed to provide convincing evidence of error, and

the AFBCMR's decision was proper.

Despite Plaintiff's allegations to the contrary, no errors were present in Plaintiff's July 1999 OPR.  As one of the Air Force Advisory opinions correctly pointed out, "simply because the applicant is not happy with the way the report turned out does not make it inaccurate."  A.R. at 10.  The AFBCMR properly found that Plaintiff failed to present any credible evidence from her senior rating chain or other agency to support her allegation of error or injustice.  A.R. at 18. Based upon the administrative record, this Court should grant summary judgment for Defendant.

**B.    Plaintiff's Second Request**

Plaintiff next requested that her Promotion Recommendation Form ("PRF") prepared for the 1999B selection board be revised.  A.R. at 3.  Specifically, Plaintiff stated that she was unhappy with the fact that the last line of her PRF read, "leadership skills require maturing." A.R. at 129.  Plaintiff contended that this line was "unfair" and prejudiced her ability to be promoted.  A.R. at 38-39.  However, the AFBCMR properly found that Plaintiff brought forth no support from her rating chain or Management Level Review which would lead the AFBCMR to believe that the contested PRF was an inaccurate depiction of her potential to serve in a higher rank.  A.R. at 18.

While Plaintiff brought forth no evidence to show why her PRF *should* be changed, the AFBCMR had a substantial amount of evidence for why Plaintiff's PRF was accurate as written. First, Plaintiff's PRF had an abundance of positive statements about Plaintiff.  A.R. at 129.  For example, the rater wrote, "Great clinician and organizer," "Excellent job knowledge and assertive style...," "Boundless energy and initiative," "Superior educational ability," and "Always enthusiastic and innovative."  Id.  These are just a few of the many glowing statements written

11

about Plaintiff on her PRF.  See id.  Nonetheless, Plaintiff challenged only the statement on the

PRF that says, "leadership skills require maturing."  A.R. at 38, 129.

Additionally, the AFBCMR had ample evidence before it showing that the challenged

statement was not only necessary, but could even have been written more harshly.  The record

before the AFBCMR included a letter of counseling,[6] in which Plaintiff's superior officer, wrote,

"[u]nder your [Plaintiff's] leadership, the work environment has become hostile.  Many of your

subordinates have expressed feelings that they are demoralized and have considered resignation

or premature termination of their employment."  A.R. at 78.  The letter further stated, "Many of

your staff have described difficult work conditions," and "most troubling, is their reluctance to

speak to you or myself directly about their concerns out of fear of retaliation and retributions by

you as their supervisor."  Id.

Additionally, Plaintiff's superior officer wrote in his letter of counseling that he discussed

with Plaintiff her failure to appear for duty on time and to wear her uniform properly.  A.R. at 78.

He stated that Plaintiff, in response, "wrote inappropriate and angry emails" to her staff members

and that Plaintiff's staff members perceived her reaction towards them as angry and threatening.

Id.  Plaintiff addressed the e-mails in her response to the letter of counseling and stated that she

should not have written the e-mails when she did and  "would adjust the wording." A.R. at 84.

Plaintiff also expressed that she did not believe the e-mails should have been considered because

"These e-mails were written [to employees] two months ago."  Id.

In Plaintiff's own application to the AFBCMR, she admitted that after becoming the

Family Advocacy element leader in 1998 she wound up with what amounted to a "mutiny"

_____

[6]  For full text of the letter of counseling response, see A.R. 80-86.

among her staff [AR at 3, 26] and that "disrespect became rampant" [AR at 4, 26]. Plaintiff's

Field Grade Officer Performance Feedback Worksheet concluded that Plaintiff was "reluctant to

accept feedback," was "not honest in taking responsibility for [her] actions and comments to

others," and that the "staff remain[ed] divided and fractious." A.R. at 131.

Plaintiff acknowledged that she previously had difficulties managing employees, and she

informed another superior officer that she knew she had things to learn about improving her

management style. A.R. at 151-52. In an email, Plaintiff stated, "I [Plaintiff] am aware that at

times my passion can be intimidating or perceived as intense or angry." A.R. at 151. In fact,

even Plaintiff's own chronology which she submitted to the IG acknowledges that her senior

leadership's decision to remove her was unanimous. A.R. at 72. Therefore, all of the evidence

before the IG and the AFBCMR clearly show the signs of an officer whose "leadership skills

require maturing." The AFBCMR properly denied Plaintiff's application to revise the challenged

statement in her PRF, and this Court should not find that the AFBCMR acted in a manner that

was arbitrary, capricious, or otherwise contrary to law.

Finally, Plaintiff also contended that the phrase on her PRF stating, "leadership skills

require maturing" constituted an act of reprisal by her Wing Commander. See A.R. at 4, 8, 240.

The Secretary of the Air Force Inspector General's Office ("SAF/IGS") reviewed this allegation

because it involved a senior official, and found, after thoroughly reviewing all the information

provided by plaintiff as well as a review of all relevant documents, the evidence did not indicate

any wrongdoing or misconduct on the part of the Wing Commander. A.R. at 240.

The General Law Division of the Air Force Staff Judge Advocates Office also reviewed

the analysis and agreed that the IG opinion was legally sufficient. A.R. at 240. The IG noted

13

that, "[a]ll commanders possess the inherent authority and responsibility to rely on the advice of

their subordinate commanders and leadership in evaluating personnel performance.  In your

[Plaintiff's] case the wing commander adhered to the advice given to him by those responsible for

such assessment and there is no evidence to show that he acted in reprisal or that he abused his

authority in making the statement in your PRF."  Id.

     As stated above, the process of evaluating military officers by other officers is an

inherently subjective process which neither military boards nor federal courts should interfere

with unless there is clear and convincing evidence of factors adversely affecting the ratings.

Hoffman, 16 Cl. Ct. at 411-12.  Plaintiff failed to meet her high burden to show that clear error

existed here.  See, e.g., Orloff, 345 U.S. at 94; Wronke, 787 F.2d at 1576-77; Dalton, 927 F.

Supp. at 4-5.  The AFBCMR properly held that Plaintiff brought forth insubstantial evidence to

demonstrate that her PRF should be re-written due to an error or injustice.  See A.R. 18.

Therefore, based on the entire administrative record in this case, no evidence exists that the

AFBCMR's denial of Plaintiff's application was arbitrary, capricious, or otherwise contrary to

law, and the Court should grant summary judgment for Defendant.

     **C.    Plaintiff's Third Request**

     Plaintiff's third request of the AFBCMR was that her Officer Selection Brief ("OSB")

prepared for the 1999B selection board be corrected to delete the duty title "Sembach Community

Services Coordinator" effective November 2, 1998.  A.R. at 3.  Plaintiff contended that the

erroneous duty title was a factor in her failure to be promoted.  See A.R. at 39.  However, the

AFBCMR, rejected this argument and found that while the Air Force properly acknowledged an

error on Plaintiff's OSB, it specifically stated that it was highly unlikely that the error was the

14

sole cause for her non-selection by the promotion board.  A.R. at 18.  The AFBCMR concluded that the erroneous duty title constituted a harmless error.  Id.

In reviewing the record, the AFBCMR properly found that although Plaintiff's 1999B OSB duty title was in fact erroneous, her other duty titles listed in her OSB were accurate.  See A.R. at 16, 18.  Plaintiff's non-selection was not caused by one erroneous duty title, but rather was a result of an assessment of her record as a whole.  A.R. at 16.  The AFBCMR further found that many qualified officers compete for promotion to a limited number of positions in an extremely competitive process.  A.R. at 11.  As such, the AFBCMR concluded that Plaintiff brought forth insufficient evidence to demonstrate that this error in her record was the cause for her non-selection.  See A.R. at 18.

In reviewing the AFBCMR's decision of harmless error, the Federal Circuit has held that such decisions are not appropriate for review by federal courts.  Fluellen v. United States, 224 F.3d 1298, 1304 (Fed Cir. 2000).  As the court stated in Fluellen, "there is no way a court can review that conclusion.  A court lacks the special expertise needed to review reserve officers' records and rank them on the basis of relative merit. . . ."  Id.  Furthermore, "[a] claim of error in a promotion decision presents a nonjusticiable controversy because there are no statutory or regulatory standards against which a court can review such a decision; it relates to a matter left to the discretion of the military," and "to reverse the AFBCMR's decision would be 'to second-guess the board's determination on no more than speculation.'"  Id.  Similarly, this Court should defer to the AFBCMR's conclusion that the erroneous duty title constituted harmless error.  Because the administrative record shows that the AFBCMR's decision was not arbitrary, capricious, or otherwise contrary to law, this Court should grant summary judgment for Defendant.

15

D.    **Plaintiff's Fourth Request**

Lastly, Plaintiff requested that the AFBCMR directly promote her to the grade of lieutenant colonel, or in the alternative, that the AFBCMR remove all non-selections from her record and order that she be considered for promotion by a Special Selection Board ("SSB") with a memorandum explaining that her PRF should read "Definitely Promote." A.R. at 3.

With regard to Plaintiff's request for direct promotion, the AFBCMR agreed with the Air Force Evaluation, which clearly stated that, "both Congress and DoD have made clear their intent that when errors are perceived to ultimately affect promotion, they should be addressed and resolved through the use of SSBs." A.R. at 267; see also 10 U.S.C. 628(b). It found that Air Force policy maintains that "the AFBCMR will consider direct promotion only in the most extraordinary circumstances where SSB consideration has been deemed to be totally unworkable." A.R. at 11. The AFBCMR found that such policy is supported by the extremely competitive promotion process and the fact that the AFBCMR does not hold all of the competing records and cannot appreciate the content of those applicants in comparison with an individual plaintiff. Id. Thus, for these reasons, the AFBCMR denied Plaintiff's request for a direct promotion in this case. A.R. at 8.

The AFBCMR also agreed with the recommendations of the Air Force Evaluations experts not to send Plaintiff's case to a SSB. A.R. at 18. The AFBCMR found that Plaintiff did not establish an error or injustice requiring correction, and, therefore, Plaintiff's case was not deserving of an SSB. A.R. at 11. The AFBCMR agreed with the Air Force evaluation that no reprisal took place; the ISS recommendation was appropriate; the stratification was optional; and the promotion recommendation was prohibited. Id. Because Plaintiff provided insufficient

16

evidence to show any kind of error or injustice in her non-selection by the promotion board, the AFBCMR denied Plaintiff's application.  A.R. at 18.

As discussed above with regard to Plaintiff's other requests, Plaintiff cannot meet her high burden to show that the AFBCMR's decision constituted clear error or injustice.  See, e.g., Orloff, 345 U.S. at 94; Wronke, 787 F.2d at 1576-77; Hoffman, 16 Cl. Ct. at 411.  Under the "unusually deferential application of the 'arbitrary and capricious' standard," this Court should find that the AFBCMR's decision was in no way arbitrary, capricious, or otherwise contrary to law.  See Kreis, 866 F.2d at 1514.

### E.    Plaintiff's Current Requests For Relief In This Court Must Fail

Plaintiff's Complaint requests that this Court set aside the decision of the AFBCMR and remand the case with instructions to review and explain the AFBCMR's analysis.  Compl. ¶ 28. However, as set forth above, the administrative record before the AFBCMR shows that substantial evidence existed to support the AFBCMR's decisions on all of Plaintiff's requests. The AFBCMR properly concluded that Plaintiff brought forth insufficient evidence to show any kind of error or injustice.  A.R. at 18.

Additionally, Plaintiff's Complaint requests that this Court remand her case back to the AFBCMR with instructions that her record be considered by an SSB with a memorandum indicating that because of previous career injury, Plaintiff should be deemed to have received a "Definitely Promote" PRF.  Compl ¶ 28.  It is well established that federal courts do not have the power to order direct promotions.  See Homer, 226 F. Supp. 2d at 225; see also Kreis, 866 F.2d at 1511.  Accordingly, for the same reasons courts do not order direct promotions, this Court should not order a commander to give a "definitely promote" recommendation.  By requesting to

17

be deemed a PRF with a "Definitely Promote" recommendation, Plaintiff is essentially asking this Court to grant her a promotion. Because such a request falls within the area of nonjusticiable military personnel decisions, this Court should not grant Plaintiff the requested relief. See, e.g., Kreis, 866 F.2d at 1511.

The most relief this Court can offer, through 10 U.S.C. § 628(g)(1)(A), is to remand the AFBCMR's decision not to grant an SSB. As previously stated, this Court can only do this if the AFBCMR's decision was unsupported by substantial evidence and therefore, arbitrary and capricious. 10 U.S.C. § 628 (g)(1)(A). Because, as discussed above, the AFBCMR exercised its discretion and made its decision based on substantial evidence that was not arbitrary, capricious, or otherwise contrary to law, this Court should grant summary judgment for Defendant.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests dismissal of Plaintiff's Complaint, or in the alternative, summary judgment for Defendant.

Dated: August 26, 2005            Respectfully submitted,


                                   /s/
                                  KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                  United States Attorney


                                   /s/
                                  R. CRAIG LAWRENCE, D.C. BAR # 171538
                                  Assistant United States Attorney


18

/s/_____
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Motion To Dismiss, or in the alternative, For Summary Judgment** was served upon plaintiff pursuant to the Court's electronic filing system, addressed to:

> **Eugene R. Fidell**
> **FELDESMAN, TUCKER, LEIFER, FIDELL**
> **& BANK, LLP**
> **2001 L Street, NW**
> **Second Floor**
> **Washington, DC 20036**

on this 26th  day of August, 2005.

_____
MEGAN ROSE
Assistant United States Attorney
Judiciary Center Building, E-4220
Civil Division
555 4th Street, NW
Washington, D.C. 20530

20