UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY WEINGARTNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-1031 (HHK) |
| ) | |
| PETE GEREN, Acting Secretary of the Air Force,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS,
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, AND
OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Nancy E. Weingartner brought this action against Defendant Pete Geren (formerly Michael L. Dominguez), Acting Secretary of the Air Force, challenging a decision of the Air Force Board for Correction of Military Records ("AFBCMR") pursuant to the Administrative Procedure Act (APA) and 10 U.S.C. §§ 628 and 1552. For the reasons set forth below and in its Motion To Dismiss, Or In The Alternative, For Summary Judgment, Defendant respectfully submits that Plaintiff's claims should be dismissed or summary judgment for Defendant should be granted.

**INTRODUCTION**

On June 11, 2003, Plaintiff filed an application with the AFBCMR requesting (1) that her Officer Performance Report ("OPR") for the period 3 July 1998 to 2 July 1999 be amended in Section VI to include a promotion or "stratification" statement and in Section VII by deleting the comment that Intermediate School Service (ISS) "in residence is a must"; (2) that the Promotion

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Pete Geren, Acting Secretary of the Air Force should be automatically substituted as the defendant in this action in place of his predecessor in office, Michael Dominguez.

Recommendation Form ("PRF") prepared for the Calendar Year 1999B selection board be revised to include a "Definitely Promote" recommendation; (3) that the Officer Selection Brief ("OSB") prepared for the Calendar Year 1999B selection board be corrected to delete the duty title "Sembach Community Services Coordinator" effective 2 Nov 1998; and (4) that she be granted a direct promotion to the grade of lieutenant colonel ("Lt Col"), or in the alternative, that all non-selections be removed and she be considered for promotion to the grade of lieutenant colonel by a Special Selection Board ("SSB").  Compl. ¶¶ 15-16; A.R. at 3.  In addition, Plaintiff requested that the SSB be given a memorandum indicating that because of a previous career injury, the AFBCMR should deem Plaintiff to have received a "Definitely Promote" on her PRF. Id.  The AFBCMR thoroughly reviewed Plaintiff's submissions and military records, and on October 22, 2004, denied Plaintiff's application, finding that Plaintiff failed to present evidence demonstrating "the existence of probable material error or injustice."  See  A.R. at 2-19, 264-67, 278-80.  Plaintiff then filed this civil action, requesting that this Court set aside the AFBCMR's denial of Plaintiff's application.  Compl. at 9.

On August 26, 2005, Defendant moved to dismiss, or in the alternative, for summary judgment, and Plaintiff has responded to these motions.[2]  However, nothing in Plaintiff's Opposition or Cross-Motion For Summary Judgment remedies Plaintiff's failure to state a claim upon which relief can be granted.  Nor does Plaintiff raise a genuine issue of material fact concerning the propriety of the AFBCMR's actions.  Plaintiff's Statement of Material Facts fails to dispute that the AFBCMR based its decision on substantial evidence in the record and

---

[2] Plaintiff has also requested oral argument on the motions, but Defendant does not believe oral argument is necessary.  This case may be decided based upon the parties' pleadings, motions, and briefs in support thereof.

permissibly exercised its discretion denying Plaintiff's application. Accordingly, this case must be dismissed.

**ARGUMENT**

The AFBCMR's decision properly denied Plaintiff's application for relief. The AFBCMR properly considered a substantial amount of evidence in the record and ultimately concluded that Plaintiff presented insufficient relevant evidence to demonstrate the existence of an error or injustice. Furthermore, the AFBCMR properly placed the burden on Plaintiff to present sufficient evidence demonstrating an error or injustice in her case.

First, this Court is very familiar with its proper role in conducting judicial review of agency action under the APA. As previously stated, the agency action at issue here should not be overturned absent a showing that it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706 (2)(A). This Circuit has held that APA review of AFBCMR's decisions are subject to "an unusually deferential application of the 'arbitrary and capricious' standard." Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1514 (D.C. Cir.1989); see also 10 U.S.C. § 628 (g)(1)(A); 10 U.S.C. § 1552(a)(1); Wronke v. Marsh, 787 F.2d 1569 (Fed. Cir. 1986). In addition, judicial review pursuant to the APA's "arbitrary and capricious" standard is confined to the administrative record that was before the decisionmaker at the time the challenged decision was made. See Florida Power & Light v. Lorion, 470 U.S. 729, 743 (1985); Camp v. Pitts, 411 U.S. 138, 142 (1973); Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971). "The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." Florida Power, 470 U.S. at 744.

Accordingly, this kind of judicial review does not envision production of a list of contested factual issues. Plaintiff's Statement of Material Facts which Plaintiff submitted to support its argument that summary judgment for Defendant is inappropriate adds nothing to the issues in this APA proceeding. Additionally, Plaintiff's Statement of Material Facts fails to dispute any of the facts that were before the AFBCMR. The AFBCMR had before it an extensive administrative record and held the discretion, under both the APA and 10 U.S.C. §§ 628(g)(1)(A) and 1552(a)(1), to consider the facts in that record upon which it would base its decision. Under these statutes, the reviewing Court "is charged with evaluating the Air Force's explanations for refusing to promote plaintiff in order to ensure that the military's decisions were reasonable." Homer v. Roche, 226 F. Supp. 2d 222, 226 (D.D.C. 2002). Thus, the AFBCMR's decision must demonstrate only that the AFBCMR permissibly exercised its discretion and made a choice that is supported by at least "substantial evidence." Id.

In this case, although Plaintiff's Statement of Material Facts and Plaintiff's Opposition and Cross-Motion cite at length to the arguments Plaintiff previously submitted to the AFBCMR, the AFBCMR properly exercised its discretion in finding her arguments uncompelling and denying Plaintiff's application. See Pl. Opp. at 5-10; Pl. Stmt of Facts ¶¶ 14, 16; see also AR at 3-19. Specifically, Plaintiff challenges the fact that the AFBCMR's decision failed to refute in detail each of Plaintiff's arguments before the Board. Plaintiff alleges that the "decision purports to summarize the parties' contentions, AR 3-17, but the single paragraph in which it states its conclusions on the merits of the case never addresses plaintiff's particularized analysis and refutation of the five reasons cited in the ROI for the proposition that she would have been removed as Family Advocacy Element Leader in any event." Pl. Opp. at 10. Plaintiff cites

several cases in which courts have remanded Board decisions because the decision failed to address adequately the plaintiff's arguments. See, e.g. Frizelle v. Slater, 111 F.3d 172, 176-79 (1997)(remanding where the BCMR decision failed to acknowledge plaintiff's arguments)[3]; Calloway v. Brownlee, 366 F.Supp. 2d 43, 55 (D.D.C. 2005)(finding that where the BCMR's decision failed to indicate whether it reviewed plaintiff's argument, remand was required).

Unlike Frizelle and Calloway, by Plaintiff's own admission, the AFBCMR addressed each of Plaintiff's requests and summarized the parties' arguments in its final decision. Pl. Opp. at 10. In fact, the AFBCMR's decision even noted Plaintiff's argument that several of the Air Force advisory opinions failed to address her underlying factual assertions. See AR at 13-15. However, the AFBCMR ultimately found that Plaintiff had presented "no valid reason or evidence" which would allow it to find the IG's conclusions were inaccurate or unjust, and the AFBCMR concluded Plaintiff's arguments were unpersuasive in demonstrating the existence of an error or injustice. See AR at 15, 18. The AFBCMR is not required to address in its conclusion every single point presented by Plaintiff. "While the Board could have explained its reasons for rejecting [Plaintiff's] arguments in more detail, 'an agency's decision [need not] be a model of analytic precision to survive a challenge.'" Frizelle, 111 F.3d at 176 (quoting Dickson v. Secretary of Defense, 68 F.3d 1396, 1404 (D.C.Cir.1995)). Therefore, because in this case the AFBCMR acknowledged Plaintiff's arguments, addressed each of Plaintiff's requests, and properly exercised its discretion to deny Plaintiff's requests, the decision of the AFBCMR should be upheld.

---

[3] Defendant notes that Plaintiff's Opposition and Cross-Motion do not provide a full cite for this case, but presumably the above case is the "*Frizelle*" case repeatedly cited by Plaintiff.

Furthermore, despite Plaintiff's contention that "under <u>Frizelle</u> the burden shifted to the Air Force to demonstrate that plaintiff would have been removed as Family Advocacy Element Leader in any event," <u>see</u> Pl. Opp. at 11,[4] the AFBCMR correctly held that Plaintiff "failed to sustain her burden of establishing that she has suffered either an error or an injustice." AR at 18. The AFBCMR's analysis and conclusion followed Air Force regulations, which provide that "[t]he applicant has the burden of providing sufficient evidence of probable material error or injustice." Def. Exh. 1, AFI 36-2603, Personnel, Air Force Board for Correction of Military Records, March 1, 1996. In order to meet this burden, an applicant must support his or her case by providing evidence, such as signed statements from witnesses and copies of records. Def. Exh. 2, AFP 36-2607, Personnel, Applicants' Guide to the Air Force Board for Correction of Military Records (AFBCMR), November 3, 1994.

The AFBCMR found that Plaintiff failed to "present any credible evidence from her senior rating chain or other agencies to support her contention of error or injustice," and that Plaintiff failed to support her argument that her PRF was "an inaccurate depiction of her potential to serve in the next higher grade." AR at 18. The AFBCMR properly found that Plaintiff did not meet her burden under the applicable statutes and regulations. Contrary to Plaintiff's allegation,

---

[4] <u>Frizelle</u>, the main case cited by Plaintiff, is also distinguishable on its facts. In <u>Frizelle</u>, the plaintiff's performance report contained multiple critical comments which were material on their face. The court found that the written comments contributed to the report's "overwhelmingly negative tone," and such errors were not frivolous. <u>Frizelle</u>, 111 F.3d at 179. However, different from <u>Frizelle</u>, in this case, the AFBCMR determined that an incorrect job title on one of Plaintiff's summary documents did not carry a negative tone, and the error was not material. Plaintiff's performance reports, which provided both a job title and a detailed job description, contained detailed information on her work performance, and the AFBCMR found no errors in the performance reports. Thus, unlike <u>Frizelle</u>, here, no material error exists that would require the Court to remand this case to the AFBCMR.

this statement does not improperly abdicate the AFBCMR's responsibilities to the military chain of command and Inspector General (IG).  Officer evaluations of other officers is a subjective function, and, as noted in Defendant's initial motion, neither military boards nor federal courts should interfere with this evaluation unless there is clear and convincing evidence of error. Hoffman v. United States, 16 Cl. Ct. 406, 411 (1989).  Evaluating officers is a discretionary military personnel decision that lacks a meaningful standard of review.  See Murphy v. United States, 993 F.2d 871, 873-4 (Fed. Cir. 1993), cert. denied 511 U.S. 1019 (1994).  Here, the AFBCMR reviewed the evaluation procedures and was unpersuaded that any error existed in Plaintiff's promotion recommendation process.  AR at 18.

     Neither did the AFBCMR improperly abdicate responsibility to the Inspector General.  The AFBCMR reviewed a redacted copy of the investigation that sufficiently presented the general nature of the issues and evidence gathered by the investigator.  AR at 218-237.  Plaintiff alleged that she suffered reprisal because of an alleged protected disclosure,[5] which consisted of a written statement suggesting ways in which office management could be improved.  The administrative record reflects that Plaintiff's disclosure was well received and that the recommended changes were supported.  AR at 223; AR at 226.  Thus, the Inspector General found that the self assessment had little impact on the Plaintiff's job position and that Plaintiff was not removed due to this communication.  As recited in more detail in Defendant's initial memorandum, overwhelming evidence supported the decision of the Inspector General and the

---

[5] Plaintiff refers to this statement as a unit self-assessment, but this term is not to be confused with the unit climate assessment that was conducted prior to her removal.  In stark contrast, the unit climate assessment, not a protected document, indicated widespread problems throughout the flight.

decision of the AFBCMR. The AFBCMR properly found that Plaintiff failed to sustain her burden of establishing an error or injustice.

Based upon the entire Administrative Record in this case, the AFBCMR properly denied Plaintiff's application, and summary judgment for Defendant is appropriate.

## CONCLUSION

For the reasons stated in Defendant's Motion To Dismiss, Or In The Alternative, For Summary Judgment, and in Defendant's Reply in support thereof, Defendant respectfully submits that its Motion be granted, and that the above-captioned matter be dismissed.

October 13, 2005                                Respectfully submitted,


/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7220