BY ORDER OF THE
SECRETARY OF THE AIR FORCE

AIR FORCE INSTRUCTION 36-2603

1 MARCH 1996

*Personnel*

**AIR FORCE BOARD FOR CORRECTION OF MILITARY RECORDS**



**COMPLIANCE WITH THIS PUBLICATION IS MANDATORY**

**NOTICE:** This publication is available digitally on the SAF/AAD WWW site at: http://afpubs.hq.af.mil. If you lack access, contact your Publishing Distribution Office (PDO).

OPR: AFBCMR (Mr. John J. D'Orazio)  
Supersedes AFR 31-3, 10 August 1992  
Certified by: AFBCMR (Mr. Mack M. Burton)  
Pages: 8  
Distribution: F

This instruction implements AFMD 42, 10 U.S.C. 1034 and 1552, Department of Defense Instruction (DoDI) 1336.6, Correction of Military Records, 28 December 1994, and Department of Defense Directive (DoDD) 7050.6, Military Whistleblower Protection Act, 3 September 1992. It sets up procedures for correction of military records to remedy error or injustice. It tells how to apply for correction of military records and how the Air Force Board for Correction of Military Records (AFBCMR, or the Board) considers applications. It defines the Board's authority to act on applications.

This instruction directs collecting and maintaining information subject to the Privacy Act of 1974 authorized by 10 U.S.C. 1034 and 1552. System of Records notice F035 SAFCB A, Military Records Processed by the Air Force Correction Board, applies.

*SUMMARY OF REVISIONS*

This publication revises AFR 31-3, 10 August 1992, to conform with the Chief of Staff policy to convert Air Force Regulations to Air Force Instructions.

**1. Setup of the Board.**

   1.1. The AFBCMR operates within the Office of the Secretary of the Air Force according to 10 U.S.C. 1552. The Board consists of civilians in the executive part of the Department of the Air Force who are appointed and serve at the pleasure of the Secretary of the Air Force. Three members constitute a quorum of the Board.

**2. Board Responsibilities.**

   2.1. Considering Applications. The Board considers all individual applications properly brought before it. In appropriate cases, it directs correction of military records to remove an error or injustice, or recommends such correction.

2.2. Recommending Action.  When an applicant alleges reprisal under the Military Whistleblowers Protection Act, 10 U.S.C. 1034, the Board may recommend to the Secretary of the Air Force that disciplinary or administrative action be taken against those responsible for the reprisal.

2.3. Deciding Cases.  The Board normally decides cases on the evidence of the record. It is not an investigative body.  However, the Board may, in its discretion, hold a hearing or call for additional evidence or opinions in any case.

3. **Application Procedures.**

   3.1. Who May Apply:
   - In most cases, the applicant is a member or former member of the Air Force, since the request is personal to the applicant and relates to his or her military records.
   - An applicant with a proper interest may request correction of another person's military records when that person is incapable of acting on his or her own behalf, is missing, or is deceased. Depending on the circumstances, a child, spouse, parent or other close relative, an heir, or a legal representative (such as a guardian or executor) of the member or former member may be able to show a proper interest.  Applicants will send proof of proper interest with the application when requesting correction of another person's military records.

   3.2. Getting Forms.  Applicants may get a DD Form 149, "Application for Correction of Military Record Under the Provisions of Title 10, U.S.C., Section 1552," and Air Force Pamphlet 36-2607, "Applicants' Guide to the Air Force Board for Correction of Military Records (AFBCMR)," from:
   - Any Air Force Military Personnel Flight (MPF) or publications distribution office.
   - Most veterans' service organization.
   - The Air Force Review Boards Office,  SAF/MIBR, 550 C Street West, Suite 40, Randolph AFB TX 78150-4742.
   - The AFBCMR, 1535 Command Drive, EE Wing 3rd Floor, Andrews AFB MD 20331-7002.

   3.3. Preparation.  Before applying, applicants should:
   - Review Air Force Pamphlet 36-2607.
   - Discuss their concerns with MPF, finance office, or other appropriate officials. Errors can often be corrected administratively without resort to the Board.
   - Exhaust other available administrative remedies (otherwise the Board may return the request without considering it).

   3.4. Submitting the Application.  Applicants should complete all applicable sections of the DD Form 149, including at least:
   - The name under which the member served.
   - The member's social security number or Air Force service number.
   - The applicant's current mailing address.
   - The specific records correction being requested.
   - Proof of proper interest if requesting correction of another person's records.
   - The applicant's signature.

    3.4.1. Applicants should mail the original signed DD Form 149 and any supporting documents to the Air Force address on the back of the form.

3.5. Meeting Time Limits. Ordinarily, applicants must file an application within 3 years after the error or injustice was discovered, or, with due diligence, should have been discovered. An application filed later is untimely and may be denied by the Board on that basis.

    3.5.1. The Board may excuse untimely filing in the interest of justice.

    3.5.2. If the application is filed late, applicants should explain why it would be in the interest of justice for the Board to waive the time limits.

3.6. Stay of Other Proceedings. Applying to the AFBCMR does not stay other proceedings.

3.7. Counsel Representation. Applicants may be represented by counsel, at their own expense.

    3.7.1. The term "counsel" includes members in good standing of the bar of any state, accredited representatives of veterans' organizations recognized under 38 U.S.C. 3402, and other persons determined by the Executive Director of the Board to be competent to represent the interests of the applicant.

    3.7.2. See DoDD 7050.6 for special provisions for counsel in cases processed under 10 U.S.C. 1034.

3.8. Page Limitations on Briefs. Briefs in support of applications:

- May not exceed 25 double-spaced typewritten pages.
- Must be typed on one side of a page only with not more than 12 characters per inch.
- Must be assembled in a manner that permits easy reproduction.

    3.8.1. Responses to advisory opinions must not exceed 10 double-spaced typewritten pages and meet the other requirements for briefs.

    3.8.2. These limitations do not apply to supporting documentary evidence.

    3.8.3. In complex cases and upon request, the Executive Director of the Board may waive these limitations.

3.9. Withdrawing Applications. Applicants may withdraw an application at any time before the Board's decision. Withdrawal does not stay the 3-year time limit.

## 4. Board Actions.

4.1. Board Information Sources. The applicant has the burden of providing sufficient evidence of probable material error or injustice. However, the Board:

- May get additional information and advisory opinions on an application from any Air Force organization or official.
- May require the applicant to furnish additional information necessary to decide the case.

    4.1.1. Applicants will normally be given an opportunity to review and comment on advisory opinions and additional information obtained by the Board.

4.2. Consideration by the Board. A panel consisting of at least three board members considers each application. One panel member serves as its chair. The panel's actions and decisions constitute the actions and decisions of the Board.

    4.2.1. The panel may decide the case in executive session or authorize a hearing. When a hearing is authorized, the procedures in paragraph **4.4.** apply.

4.3. Board Deliberations. Normally only members of the Board and Board staff will be present during deliberations. The panel chair may permit observers for training purposes or otherwise in furtherance of the functions of the Board.

4.4. Board Hearings. The Board in its sole discretion determines whether to grant a hearing. Applicants do not have a right to a hearing before the Board.

    4.4.1. The Executive Director will notify the applicant or counsel, if any, of the time and place of the hearing. Written notice will be mailed 30 days in advance of the hearing unless the notice period is waived by the applicant. The applicant will respond not later than 15 days before the hearing date, accepting or declining the offer of a hearing and, if accepting, provide information pertaining to counsel and witnesses. The Board will decide the case in executive session if the applicant declines the hearing or fails to appear.

    4.4.2. When granted a hearing, the applicant may appear before the Board in person, represented by counsel, or in person with counsel and may present witnesses. It is the applicant's responsibility to notify witnesses, arrange for their attendance at the hearing, and pay any associated costs.

    4.4.3. The panel chair conducts the hearing, maintains order, and ensures the applicant receives a full and fair opportunity to be heard. Formal rules of evidence do not apply, but the panel observes reasonable bounds of competency, relevancy, and materiality. Witnesses other than the applicant will not be present except when testifying. Witnesses will testify under oath or affirmation. A recorder will record the proceedings verbatim. The chair will normally limit hearings to 2 hours but may allow more time if necessary to ensure a full and fair hearing.

    4.4.4. Additional provisions apply to cases processed under 10 U.S.C. 1034. See DoDD 7050.6.

4.5. The Board will not deny or recommend denial of an application on the sole ground that the issue already has been decided by the Secretary of the Air Force or the President of the United States in another proceeding.

4.6. Board Decisions. The panel's majority vote constitutes the action of the Board. The Board's decision will be in writing and will include determinations on the following issues:

- Whether the provisions of the Military Whistleblowers Protection Act apply to the application. This determination is needed only when the applicant invokes the protection of the Act, or when the question of its applicability is otherwise raised by the evidence.

- Whether the application was timely filed and, if not, whether the applicant has demonstrated that it would be in the interest of justice to excuse the untimely filing. When the Board determines that an application is not timely, and does not excuse its untimeliness, the application will be denied on that basis.

- Whether the applicant has exhausted all available and effective administrative remedies. If the applicant has not, the application will be denied on that basis.

- Whether the applicant has demonstrated the existence of a material error or injustice that can be remedied effectively through correction of the applicant's military record and, if so, what corrections are needed to provide full and effective relief.
- In Military Whistleblowers Protection Act cases only, whether to recommend to the Secretary of the Air Force that disciplinary or administrative action be taken against any Air Force official whom the Board finds to have committed an act of reprisal against the applicant. Any determination on this issue will not be made a part of the Board's record of proceedings and will not be given to the applicant, but will be provided directly to the Secretary of the Air Force under separate cover (paragraph **2.2.**).

4.7. Record of Proceedings. The Board staff will prepare a record of proceedings following deliberations which will include:

- The name and vote of each Board member.
- The application.
- Briefs and written arguments.
- Documentary evidence.
- A hearing transcript if a hearing was held.
- Advisory opinions and the applicant's related comments.
- The findings, conclusions, and recommendations of the Board.
- Minority reports, if any.
- Other information necessary to show a true and complete history of the proceedings.

4.8. Minority Reports. A dissenting panel member may prepare a minority report which may address any aspect of the case.

4.9. Separate Communications. The Board may send comments or recommendations to the Secretary of the Air Force as to administrative or disciplinary action against individuals found to have committed acts of reprisal prohibited by the Military Whistleblowers Protection Act and on other matters arising from an application not directly related to the requested correction of military records. Such comments and recommendations will be separately communicated and will not be included in the record of proceedings or given to the applicant or counsel.

4.10. Final Action by the Board. The Board acts for the Secretary of the Air Force and its decision is final when it:

- Denies any application (except under 10 U.S.C. 1034)
- Grants any application in whole or part when the relief was recommended by the official preparing the advisory opinion, was unanimously agreed to by the panel, and does not involve an appointment or promotion requiring confirmation by the Senate.

  4.10.1. The Board sends the record of proceedings on all other applications to the Secretary of the Air Force or his or her designee for final decision.

**5. Decision of the Secretary of the Air Force.** The Secretary may direct such action as he or she deems appropriate on each case, including returning the case to the Board for further consideration. Cases returned to the Board for further reconsideration will be accompanied by a brief statement of the reasons

for such action. If the Secretary does not accept the Board's recommendation, the decision will be in writing and will include a brief statement of the grounds for denial.

5.1. Decisions in Cases Under the Military Whistleblowers Protection Act. The Secretary will issue decisions on such cases within 180 days after receipt of the case and will, unless the full relief requested is granted, inform applicants of their right to request review of the decision by the Secretary of Defense (SecDef). Applicants will also be informed:

- Of the name and address of the official to whom the request for review must be submitted.
- That the request for review must be submitted within 90 days after receipt of the decision by the Secretary of the Air Force.
- That the request for review must be in writing and include the applicant's name, address, and telephone number; a copy of the application to the AFBCMR and the final decision of the Secretary of the Air Force; and a statement of the specific reasons the applicant is not satisfied with the decision of the Secretary of the Air Force.
- That the request must be based on the Board record; requests for review based on factual allegations or evidence not previously presented to the Board will not be considered under this paragraph but may be the basis for reconsideration by the Board under paragraph **6.**

5.2. Decisions in cases filed under section 507, Public Law 103-160. The Secretary will issue a decision within 60 days of receipt of the case of an officer who:

- Was offered the opportunity to be discharged or separated from active duty under the Voluntary Separation Incentive (VSI) or Special Separation Benefit (SSB) programs,
- Elected not to accept such discharge or separation,
- Was thereafter discharged or separated from active duty, after September 30, 1990, as a result of selection by a board convened to select officers for early separation (a "RIF board"),
- Files an application with the Board within two years of the date of separation or discharge, or one year after the publication of this AFI, whichever is later, alleging that the officer was not effectively counselled, before electing not to accept discharge or separation under the VSI/SSB programs, concerning the officer's vulnerability to selection for involuntary discharge or separation ("RIF"), and
- Requests expedited consideration under this paragraph.

5.2.1. Upon finding of ineffective counseling, the Secretary will provide the officer with an opportunity to participate, at the officer's option, in the VSI or SSB programs or, if eligible, in an early retirement program.

5.3. In cases under paragraphs **5.1.** or **5.2.** which involve additional issues not cognizable under those paragraphs, the additional issues may be considered separately by the Board under paragraphs **3.** and **4.** The special time limits in paragraphs **5.1.** and **5.2.** do not apply to the decision concerning these additional issues.

**6. Reconsideration of Applications.** The Board may reconsider an application if the applicant submits newly discovered relevant evidence that was not available when the application was previously considered. The Executive Director will screen each request for reconsideration to determine whether it contains new evidence.

6.1. If the request contains new evidence, the Executive Director will refer it to a panel of the Board for a decision. The Board will decide the relevance and weight of any new evidence, whether it was reasonably available to the applicant when the application was previously considered, and whether it was submitted in a timely manner. The Board may deny reconsideration if the request does not meet the criteria for reconsideration. Otherwise the Board will reconsider the application and decide the case either on timeliness or merit as appropriate.

6.2. If the request does not contain new evidence, the Executive Director will return it to the applicant without referral to the Board.

**7. Action After Final Decision.**

7.1. Action by the Executive Director. The Executive Director will inform the applicant or counsel, if any, of the final decision on the application. If any requested relief was denied, the Executive Director will advise the applicant of reconsideration procedures and, for cases processed under the Military Whistleblowers Protection Act, review by the SecDef. The Executive Director will send decisions requiring corrective action to the Chief of Staff, US Air Force, for necessary action.

7.2. Settlement of Claims. The Air Force is authorized, under 10 U.S.C. 1552, to pay claims for amounts due to applicants as a result of correction of military records.

7.2.1. The Executive Director will furnish the Defense Finance and Accounting Service (DFAS) with AFBCMR decisions potentially affecting monetary entitlement or benefits. DFAS will treat such decisions as claims for payment by or on behalf of the applicant.

7.2.2. DFAS settles claims on the basis of the corrected military record. Computation of the amount due, if any, is a function of DFAS. Applicants may be required to furnish additional information to DFAS to establish their status as proper parties to the claim and to aid in deciding amounts due.

7.3. Public Access to Decisions. After deletion of personal information, AFBCMR decisions will be made available for review and copying at a public reading room in the Washington DC metropolitan area.

**8. Miscellaneous Provisions.**

8.1. At the request of the Board, all Air Force activities and officials will furnish the Board with:
- All available military records pertinent to an application.
- An advisory opinion concerning an application. The advisory opinion will include an analysis of the facts of the case and of the applicant's contentions, a statement of whether or not the requested relief can be done administratively, and a recommendation on the timeliness and merit of the request. Regardless of the recommendation, the advisory opinion will include instructions on specific corrective action to be taken if the Board grants the application.

8.2. Access to Records. Applicants will have access to all records considered by the Board, except those classified or privileged. To the extent practicable, applicants will be provided unclassified or nonprivileged summaries or extracts of such records considered by the Board.

8.3. Payment of Expenses. The Air Force has no authority to pay expenses of any kind incurred by or on behalf of an applicant in connection with a correction of military records under 10 U.S.C. 1034 or 1552.

8.4. Form Prescribed. DD Form 149.

                RODNEY A. COLEMAN,
            Assistant Secretary of the Air Force for Manpower, Reserve
              Affairs, Installations and Environment