BY ORDER OF THE  
SECRETARY OF THE AIR FORCE

AIR FORCE PAMPHLET 36-2607  
3 NOVEMBER 1994

*Personnel*

**APPLICANTS' GUIDE TO THE AIR FORCE BOARD FOR CORRECTION OF MILITARY RECORDS (AFBCMR)**

___

This pamphlet tells you how to apply to the AFBCMR for correction of your military records. It may not have all the answers you require, but it does give you a basic explanation of the process and tells where to get additional help. It applies to persons with Air Force military records (including persons from the Air National Guard or Air Force Reserve) and their heirs and legal representatives.

**1. Your Right to Apply for Correction of Records.** Any person with Air Force military records, or his or her heirs or legal representative, may apply to the AFBCMR. Title 10, United States Code, Section 1552, is the law governing correction of military records. This statute authorizes the Secretary of the Air Force (SAF) to correct any military record when "necessary to correct an error or injustice." The purpose of this statute was to relieve the Congress from consideration of private bills to correct errors or injustices in military records. The statute provides for SAF to act through a board of Air Force civilians in considering applications for correction of military records. AFI 36-2603, *Air Force Board for Correction of Military Records*, implements the statute within the Air Force.

**2. When to Apply to the AFBCMR:**
2.1. You should exhaust other administrative remedies before appealing to the AFBCMR. For example, you should first submit a performance report appeal to the Evaluation Reports Appeal Board (ERAB) under AFI 36-2401, *Correcting Officer and Enlisted Evaluation Reports.* An appeal requesting upgrade of discharge should normally be submitted to the Discharge Review Board under Air Force Supplement to Department of Defense Directive (DoDD) 1332.28, *Discharge Review Board (DRB) Procedures and Standards*, August 11, 1992, with changes 1 and 2, The AFBCMR will return your application if you have not first sought relief through the appropriate administrative process. The AFBCMR will consider your case only after you have exhausted other available avenues of appeal.
2.2. You should submit your request within 3 years after you discover, or reasonably could have discovered, the error or injustice. The AFBCMR reviews the merits of untimely applications. If found to be meritorious, the timeliness is waived in the interest of justice. The AFBCMR may waive the 3-year limitation and consider untimely applications in the interest of justice. You should not assume, however, that a waiver will be granted.

**3. How To Apply to the AFBCMR:**
3.1. Application is a simple process. You should use a DD Form 149, **Application for Correction of Military Record Under the Provisions of Title 10, United States Code, Section 1552**. You may get a DD Form 149 from any Air Force Military Personnel Flight or publications distribution office. You may also get the form by writing to SAF/MIBR, 550 C Street West, Suite 40, Randolph AFB TX 78150-4722, or the AFBCMR, 1535 Command Drive, EE Wing 3rd Floor, Andrews AFB MD 20331-7002.
3.2. You should complete the form very carefully by typing or printing the requested information. Attach copies of statements or records that are relevant to your case. Make sure you sign item 16 of the form. Mail it to the Air Force address provided on the reverse of the form.

**4. How To Support Your Request:**
4.1. The AFBCMR will correct your military records only if you can prove that you are the victim of error or injustice. You do this by providing evidence, such as signed statements from you and other witnesses or copies of records that support your case. It is not enough to provide the names of witnesses. The AFBCMR will not contact your witnesses to obtain statements. You should contact your witnesses to get their signed statements with your request.

___

Supersedes AFP 31-5, 1 August 1989.  
OPR: AFBCMR (Mr Mack M. Burton)

Certified by: AFBCMR (Mr C. Bruce Braswell)  
Pages: 3/Distribution: F

AFPAM 36-2607   3 November 1994                                                                                                                          2

4.2. Your own statement is important. Begin in item 9 of the DD Form 149 and continue in item 17, if necessary. You may also put your statement on plain paper and attach it to the form. Limit your statement to not more than 25 pages. Explain what happened and why it is an error or injustice in simple, direct terms.

4.3. Normally, the best evidence is statements from persons who have direct knowledge or involvement. For example, statements from persons in your rating chain if you are contesting a performance report. Or a statement from the person who counseled you if you are alleging miscounseling. Character references from community leaders and others who know you are helpful if you are requesting clemency based on post-service activities and accomplishments. This is only a general rule, however. You must decide what evidence will best support your case.

4.4. It may take you some time to gather statements and records to support your request. You may wish to delay submission of your application until information gathering is complete. You should, however, submit your request within the 3-year time limit.

5. **Getting Help:**

5.1. Review AFI 36-2603, which states the authority of the AFBCMR and describes the process. With few exceptions, personnel records generated by the Air Force may be corrected by the AFBCMR. The AFBCMR cannot, however, change the verdict of a courts-martial imposed after May 4, 1950. In these cases, the AFBCMR's authority is limited to changing the sentence received on the basis of clemency. The AFBCMR will mail you a copy of AFI 36-2603 at your request.

5.2. Most applicants represent themselves. If your request is complex, you may want someone to represent you:

5.2.1. Many veteran service organizations have staff members who will represent you in applying to the AFBCMR. You may obtain a list of these organizations by writing to the AFBCMR, 1535 Command Drive, EE Wing 3rd Floor, Andrews AFB MD 20331-7002.

5.2.2. You may also hire a lawyer to represent you at your own expense.

5.2.3. You should name your representative on DD Form 149, item 7. The Executive Director of the AFBCMR must approve any representative other than a veteran service organization staff member or a lawyer.

5.2.4. If you name a representative, the AFBCMR will normally deal with your representative rather than directly with you.

5.3. Advice and guidance are available from many sources. Personnel specialists can advise you on personnel issues. Veteran service organizations will advise you even though you decide to represent yourself. You may discuss your case with an AFBCMR staff member, or you may write to the AFBCMR, and a staff member will respond to your questions.

6. **Personal Appearances Before the AFBCMR.** You may request a personal appearance before the AFBCMR by checking the appropriate box on DD Form 149, item 6. The AFBCMR will decide whether a personal appearance is necessary to decide your case. All appearances before the AFBCMR are at Andrews AFB MD. Travel expenses are your responsibility. The AFBCMR grants very few personal appearances, so you should try to fully present your case in writing. If your request for a personal appearance is granted, the AFBCMR will provide you with the necessary details.

7. **Advisory Opinions.** After your application is received, one or more offices will prepare an advisory opinion on your case. The advisory opinion will be sent to the AFBCMR with your case file. If the advisory opinion recommends denial of your request, the AFBCMR will send it to you for comment:

7.1. Remember that the advisory opinion is only a recommendation. The AFBCMR will make the decision on your case.

7.2. The AFBCMR will ask for your comments on the advisory opinion within 30 days. You may request an additional 30 days if you need it. Reasonable requests are normally granted.

7.3. It may be unnecessary for you to comment on the advisory opinion. If you have nothing further to say, don't bother to respond. Failure to comment on an advisory opinion does not mean you agree. Nor will it prevent a full and fair consideration of your application.

8. **AFBCMR Members.** SAF appoints high-level civilian employees of the Air Force to serve on the AFBCMR. Appointment to the AFBCMR indicates a special trust in the judgment and integrity of the member.

8.1. Service is an additional duty for those appointed. About 47 people serve on the AFBCMR.

8.2. Members are randomly assigned to three-member panels for consideration of cases. Cases are randomly assigned to panels.

8.3 AFBCMR staff members research issues and provide technical advice to the panel members. They do not take sides or recommend a decision to the panel.

8.4. Panel members receive a copy of the case for study before they meet. They normally discuss your case in closed session before voting. Their decision is based on the evidence in the case file.

8.5. The majority rules, but a dissenting member may submit a minority opinion for consideration by the SAF or SAF's designee.

**9. The Decision on Your Case:**

9.1. Following the vote on your case, the panel chairperson signs a record of proceedings. The record of proceedings will explain the reasons for the decision on your case.

9.2. SAF has the final authority to accept or reject a recommendation of the AFBCMR. In most cases, it is accepted.

9.3. When the AFBCMR completes your case, the decision is mailed to you. If relief is granted, your records will be corrected and finance personnel will review your case to see if you are due any monetary benefits.

9.4. The AFBCMR is the highest level of administrative appeal and provides the final Air Force decision. If the AFBCMR denies your case, your next step is to request reconsideration or file a suit in the court system.

**10. Reconsideration of Your Case:**

10.1. You may request reconsideration of the decision on your case. The AFBCMR will reconsider your case only if you provide newly discovered relevant evidence that was not reasonably available when you filed your original application. The evidence may pertain to the timeliness of your application or to its merits.

10.2. You should submit your request for reconsideration within a reasonable time after you discover the new evidence.

10.3. Re-argument of the same evidence will not get your case reconsidered. You must provide new relevant evidence.

**11. Additional Information.** You may get additional information from the AFBCMR, 1535 Command Drive, EE Wing 3rd Floor, Andrews AFB DC 20331-7002.

RODNEY A. COLEMAN
Assistant Secretary of the Air Force for Manpower,
 Reserve Affairs, Installations and Environment